NEW YORK
COUNTY CLERK'S OFFICE

Grant Hanessian
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036-7703
Tel: (212) 626-4100
FAX: (212) 310-1600

OCT 0 9 2007

NOT COMPARED
WITH COPY FILE



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

07 CIV 8705

---

**MICHAEL Z. MATTHEW,**

**Plaintiff,**

-v-

**PAPUA NEW GUINEA,**

**Defendant.**

---

Case No. _____

**NOTICE OF REMOVAL**
(28 U.S.C. § 1441, 9 U.S.C. § 205)

(Supreme Court of the State of New York,
 County of New York, Index No. 107131/06)

Defendant Papua New Guinea hereby files its Notice of Removal of the action *Michael Z. Matthew v. Papua New Guinea*, Index No. 107131/06, from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(d) and 9 U.S.C. § 205, and in support thereof states:

1.    This Notice of Removal is filed by Papua New Guinea, which comprises all defendants.

2.    On May 23, 2006, Plaintiff filed an Order to Show Cause and Verified Petition against Papua New Guinea in the Supreme Court of the State of New York, County of New York, Index No. 107131/06. Copies of the Order to Show Cause and Verified Petition are attached hereto as Exhibit A. Copies of the other documents Papua New Guinea has obtained that were filed in the state court case are attached as Exhibits B-H.

3.      Removal of this action from the Supreme Court of the State of New York, County of New York to the federal district court is proper under 28 U.S.C. § 1441(d) because Papua New Guinea is a foreign state as defined in 28 U.S.C. § 1603(a).

4.      Plaintiff never served Papua New Guinea with process as required by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608.

5.      This Notice of Removal is timely filed because Papua New Guinea was never properly served with process as required by FSIA. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Furthermore, to the extent that this Notice of Removal were to be considered technically untimely, Papua New Guinea submits that cause exists to enlarge the time limitations under 28 U.S.C. § 1446(d). *See Gray v. Permanent Mission of the People's Republic of the Congo to the United Nations,* 443 F.Supp. 816, 819 (S.D.N.Y. 1978).

6.      Removal of this action from the Supreme Court of the State of New York, County of New York to the federal district court is also proper under 9 U.S.C. § 205 because the subject matter of the proceeding pending in State court relates to a purported arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Specifically, Plaintiff commenced an arbitration proceeding against Defendant under the auspices of the International Centre for Dispute Resolution, Case No. 50 145 T 332 06.

7.      This Notice of Removal is timely under 9 U.S.C. § 205, which allows removal at any time before the trial, and no trial has taken place.

8.      Service and notice of the filing of this Notice of Removal will be given to Plaintiff as required.  A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Supreme Court of the State of New York, County of New York pursuant

to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests this Court to proceed with this action as if originally brought in this Court.

Dated: New York, New York
        October 9, 2007

BAKER & McKENZIE LLP

By:_____

Grant Hanessian
1114 Avenue of the Americas
New York, New York 10036
(212) 626-4100

Attorneys for Defendant
Papua New Guinea

# Exhibit A

At IAS Part _____ of the Supreme Court
of the State of New York, held in and for the
County of New York at the Courthouse, lo-
cated at 60 Centre Street, New York, New
York on the _____ day of May, 2006.

Present: _____, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

06107131

_____

MICHAEL Z. MATTHEW,                    :

       Petitioner,                    :          Index No. _____/06

    - v -                    :

PAPUA NEW GUINEA,                    :          **ORDER TO SHOW CAUSE**

       Respondent.                    :

_____

FILED
COUNTY CLERK, N.Y. COUNTY

MAY 2 3 2006

On reading and filing the Verified Petition herein and the exhibits annexed there-
to, it is hereby

ORDERED, that respondent, or its attorneys, show cause before this Court at IAS

Part _____ thereof, in the Courthouse at 60 Centre Street in Room _____, New York,

New York on the _____ day of May, 2006 at _____ a.m. or as soon thereafter as counsel

can be heard, why an order should not be issued pursuant to CPLR 7503 compelling respondent

Papua New Guinea to submit to binding arbitration of the dispute between the parties before the

American Arbitration Association, and it is further

ORDERED, that service of a copy of this order and the papers upon which it is

based be deemed sufficient if made on or before _____, 2006 by delivering a copy

thereof via Federal Express overnight courier to respondent at its Mission to the United Nations,

located at 801 Second Avenue, New York, NY 10017, and to respondent's Ambassador to the

United States, the Honorable Ambassador Evan Jeremy Paki, 1779 Massachusetts Avenue NW,

Suite 805, Washington, D.C. 20036; and it is further

ORDERED, that defendant's papers in opposition, if any, be served upon counsel

for petitioner via overnight courier on or before _____, 2006.

ENTER:


_____, J.S.C.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MICHAEL Z. MATTHEW,

               Petitioner,

    - v -

PAPUA NEW GUINEA,

           Respondent.

Index No. _____/06

**VERIFIED PETITION**  06107131

FILED

MAY 23 2006

NEW YORK
COUNTY CLERKS C

---

     Petitioner Michael Z. Matthew, by his attorneys, Maidman and Mittelman, LLP,

as and for his verified petition herein alleges as follows:

    1.    Petitioner Michael Z. Matthew is a resident of New York State who resides at 639

West 252nd Street, Riverdale, New York 10471.  Petitioner is the Executive Vice President of the

National Oil Recovery Corporation.

    2.    Respondent Papua New Guinea is a sovereign nation that maintains a mission to

the United Nations at 801 Second Avenue, New York, NY 10017 and its embassy to the United

States at 1779 Massachusetts Avenue NW, Suite 805, Washington, D.C. 20036.

    3.    Pursuant to a mandate from the Prime Minister of Papua New Guinea dated No-

vember 11, 2002, which was renewed on April 1, 2003 and again on January 1, 2004, a copy of

which last renewal is annexed hereto as Exhibit 1 (the "Mandate"), petitioner was authorized to

be respondent's exclusive representative in North America for the purpose, among others, of

raising capital and financing for various public projects, programs and initiatives in Papua New

Guinea.  In exchange for petitioner's services, respondent agreed to pay him a commission.

    4.    A dispute has arisen under the Mandate in that respondent has failed to pay peti-

tioner any of the commissions due petitioner for services he rendered to respondent.

5.    Paragraph A.6 of the Mandate provides in its entirety that '[a]ny dispute arising under this renewed Mandate (including the earlier mandates) will be arbitrated under the laws of the State of New York."

6.    On March 28, 2006 petitioner's counsel sent to respondent's Prime Minister in Papua New Guinea and its ambassador to the United States in Washington, D.C. a letter that requested respondent contact petitioner's counsel to resolve his claim, failing which petitioner would file the demand for arbitration that accompanied the letter with the American Arbitration Association ("AAA"). A copy of the proposed draft demand for arbitration is annexed hereto as Exhibit 2.

7.    Respondent failed to respond to petitioner's letter request within the allotted month and to date, and so on May 11, 2006 petitioner attempted to file his demand for arbitration with the AAA. The AAA, however, by letter dated May 19, 2006, a copy of which is annexed hereto as Exhibit 3, declined to file the demand because the Mandate did not specifically name the AAA as the administering agency of the arbitration between the parties. The AAA indicated its intention to comply with a court order directing arbitration of the parties' dispute before the AAA.

8.    Petitioner has made no previous request for the relief sought herein.

9.    Petitioner is proceeding by order to show cause in order to afford this Court the opportunity to determine the most appropriate method of service upon respondent.

WHEREFORE, petitioner prays that this Court enter an order pursuant to CPLR 7503 compelling respondent Papua New Guinea to submit to binding arbitration of the dispute

between the parties before the AAA or other administering agency that applies New York State law as provided in the Mandate between the parties, together with such other and further relief as may be just and proper.

Dated: New York, New York
      May 23, 2006

                           Respectfully submitted,

                           MAIDMAN AND MITTELMAN, LLP
                           Attorneys for Petitioner

                       By:
                           Stuart A. Jackson
                           70 East 55th Street
                           New York, NY 10022
                           (212) 755-0500

3

## **VERIFICATION**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

       The undersigned affirms under penalty of perjury that he is the attorney for petitioner Michael Z. Matthew; that he has read the foregoing verified petition and knows the contents thereof; that the same are true to his own knowledge except as to matters stated to be alleged upon information and belief; and as to those matters he believes them to be true.  He makes this verification because petitioner is not in the county where the undersigned has his office.

                                          Stuart A. Jackson

Sworn to before me this
23rd day of May, 2006

F. LLOYD GARTEN
Notary Public State of New York
No. 31-4967431
Qualified in New York County
Commission Expires June 4, ~~1996~~ 2006

4



**PRIME MINISTER**
**PAPUA NEW GUINEA**

1 January, 2004

**Michael Z. Matthew, Esq**
Executive Vice President
National Oil Recovery Corporation
639 West 252nd Street
Riverdale, New York, NY 10471
United States of America

*By Fax: 05 1 (718) 601 8827*
*& Original by Courier*

Dear Mr Matthew

**RE:   MANDATE TO BE THE PAPUA NEW GUINEA GOVERNMENT'S SOLE AND EXCLUSIVE REPRESENTATIVE IN NORTH AMERICA**

I refer to the mandate, which the Government of Papua New Guinea ("the Government") granted you on 11 November 2002, as renewed and updated by the Government's mandate of 1 April 2003 (the "Mandate").

Under that Mandate, you (including your associates) have been authorized to, among others, support us in our continuing efforts to attract North American foreign direct investment and investors to Papua New Guinea ("PNG") and to support the Government in advancing or promoting PNG's interests, developmental goals, programs and initiatives. This includes, among others, the raising of capital and financing for various public projects, programs and initiatives in PNG.

Even if the Mandate may have expired on 31 December 2003, you are still deemed to have the mandate to continue to ensure that the projects, programs or transactions that the Government has initiated through your support are realized or brought to fruition notwithstanding any deemed expiry of the Mandate.

In any event, this mandate letter hereby further renews, updates and extends the Mandate by an additional extended period of seven (7) years. Accordingly, for the purpose of distinguishing this from the Mandate, this renewed Mandate is appropriately referred to herein as "this Mandate" or the "renewed Mandate", where appropriate.

Case 2:07-cv-08705-LTS    Document 1-2    Filed 10/09/2007    Page 10 of 38

## A.    This Renewed Mandate

1. *Term*: This renewed Mandate incorporates the earlier Mandate of 1 April 2003 and comes into force on 1 January 2004 and shall be in full force and effect for the *longer* of: (a) a period of seven (7) years and to end on or about 31 December 2010; or (b) at the end of the 'relevant maturity date' in relation to the proposed International Bond Offering ("Bond Offering") described herein. (The 'relevant maturity date' is the date on or by which the Government will have fully paid its bondholders/noteholders or lenders, including interests and principal under the relevant agreements relating to the Bond Offering.)

2. *Commission*: You will be entitled to be paid a commission, assuming your appointment as Exclusive Representative is approved or endorsed by Cabinet (as referred to below in paragraph 4) and that you have successfully performed in relation to the Bond Offering (among other financing or investment transactions) on behalf of the Government. You will have successfully performed under this Mandate if, through your efforts, the sole Lead Manager and the U.S./International Counsel are committed to the Bond Offering, which will be demonstrated by, for example, their expending their own resources in pursuing this transaction for the Government based on a Cabinet decision or approval. The Prime Minister, the Treasurer or other authorized official will agree with you on the actual percentage of commission to which you will be entitled, based on a letter or note to the Government from you to that effect.

3. When agreeing with you on the commission, the Government (including any authorized government official) is required to take into account relevant considerations and circumstances, including the extent of your efforts (including time spent) on the Bond Offering or any transaction; your relevant expenses (including those of your associates); your expertise, experiences, skills and reputation (standing) within U.S. business and political circles, as well as the uniqueness or novelty and volume (value) of the transaction.

4. *Approval by Cabinet*: Your appointment (including the Mandate) is expected to be approved by Cabinet, based on a forthcoming Cabinet submission to be made by the Prime Minister and Treasurer in relation to the Bond Offering. Once approved, the Mandate shall remain as approved and valid for all intents and purposes in relation to the Bond Offering and in relation to any other transaction, activity or program contemplated herein.

5. *Knowledge*: If a question arises as to whether the Government (including any department or any official or component of government) had knowledge of any aspect of this Mandate, the fact that any department, agency, authorized official or such other component of government had knowledge shall be sufficient knowledge on the Government's part.

6.   Any dispute arising under this renewed Mandate (including the earlier mandates) will be arbitrated under the laws of the State of New York.

7.   This Mandate affirms your SOLE AND EXCLUSIVE MANDATE to represent our array of interests (as described herein) in North America and in third countries, especially if those third countries are, in your judgement, relevant or useful to advancing PNG's interests. Your efforts will complement and enhance those of our relevant diplomatic missions in North America.

B.   **Some Specific Responsibilities under this Renewed Mandate**

1.   The Government remains supremely confident that in your existing role as our Exclusive Representative, you are eminently placed within North America to support us in our efforts to attract North American investment and financing, and that you will also support any other worthwhile activities or initiatives, which we will be pursuing, including the following:
   (a)   making representations to any bank, other financial institutions or North American, which may be interested in acquiring or investing in any State-owned enterprise ("SOE"), including raising financing (whether these be loans, grants or both) from both private and public sources within the U.S., including U.S. government sources;
   (b)   supporting any efforts by the Government to identify, trace or recover any assets or monies to which the Government is or may be entitled;
   (c)   making representations to United States Government agencies and political leaders in relation to, among others, United States support for PNG's investment (economic), trade, security and/or strategic interests, including such other significant interests.

2.   You are to render or provide your services, advice or support to the Government through the Prime Minister and/or any of the following:
   (a)   Chief Secretary to Government;
   (b)   PNG's ambassador to the United States;
   (c)   Minister for Foreign Affairs & Immigration;
   (d)   any other authorized Minister or government official.

C.   **Progress to date**

1.   I am aware that you have made, at considerable personal costs and expenses, significant progress in the foregoing areas.   Specifically, you have undertaken discussions/negotiations with:
   (a)   United States investment banks and other financial institutions interested in investing in PNG or lending to the Government;
   (b)   U.S. financial institutions aimed at securing funds for financing significant investment and infrastructure projects in the country;
   (c)   U.S. government leaders with respect to, among others, security, strategic or political issues affecting PNG and the region generally,

which may have a bearing on PNG's political, strategic and economic relationships with the United States;

(d)  United States-based legal or financial advisors for the purpose of tracing, locating or identifying significant amounts of money (the ownership of which is or would be vested in the Government).

2.  Your significant efforts support to the Government since July 2002 have now enabled the Government to take substantive steps towards raising financing through the Bond Offering. We have mandated, based on your advice and guidance (which we have found extremely valuable and useful), Bear Stearns & Co., a reputable New York based investment bank, as sole Lead Manager and Underwriter for the Bond Offering.

**D.    The Government further affirms and undertakes the following:**

1.  The Government will not retain or mandate or otherwise deal with any other person or entity based in North America with respect to the privatization of any SOE or to undertake any other commercial or financing transaction of whatsoever nature for, or on behalf of, the Government - unless that person or entity has been expressly approved by you.

2.  The Government will not, of its own volition, revoke, cancel, vitiate or otherwise render invalid this renewed Mandate under any circumstance during the extended term of this Mandate. Should a different Prime Minister get elected or different government assumes office at any time during the term of this Mandate, that subsequent prime minister or government will give due regard and recognition to this renewed Mandate.

3.  Accordingly, you are assured that the Government will respect, as well as give full faith and credit to, this Mandate during its full term and as you are faithfully executing your duties and providing your services herein.

4.  Notwithstanding any other provision herein, this Mandate shall not be terminated prematurely *unless*:
    (a)  you have, in writing (which is signed and delivered to the Office of the Prime Minister) unequivocally evinced an intention to prematurely terminate this Mandate; and
    (b)  all of your costs/expenses (including any outstanding commission) - to which you may be entitled under this Mandate - have been reimbursed, settled or paid by the Government.

5.  This Mandate also enables you (including your associates) to support the Government in all and any areas, which you - in your professional judgment - consider necessary or appropriate, as long as such support will, or will

reasonably be expected to, contribute towards promoting or advancing our legitimate national interests, development goals, objectives and policies.

6.  The rights, powers and authority contained in, or incidental to, the terms of this renewed Mandate will be deemed to have been also granted to your associates in the United States and PNG to the extent your associates will be working with you in this respect.

7.  Where a thing to be done in the course of this Mandate requires prior compliance with certain domestic law or policy or requires prior approval of a certain State entity or agency, you are entitled to assume that the Government has ensured (or will ensure) that that law or policy has been (or will be) complied with or that approval has been (or will be) obtained.

8.  This renewed Mandate is thus in full force and effect as of 1 January 2004 and will be current up to 31 December 2010 with an option to further review and renew this Mandate.

AND FOR SO DOING, LET THIS BE YOUR SOLE AND EXCLUSIVE AUTHORITY

IF YOU SO AGREE WITH AND ACCEPT YOUR APPOINTMENT on 11 November 2002 (as affirmed on 1 April 2003 and as further affirmed by this renewed Mandate) as Exclusive Representative on the terms of this Mandate, please confirm your agreement and acceptance by signing below and returning a signed counterpart of the original to us.

*Yours sincerely*

**M T Somare  GCMG CH**
Prime Minister

<u>**CONFIRMATION OF AGREEMENT AND ACCEPTANCE**</u>

I, **Michael Z. Matthew, Esq.** (representing myself and my associates), on this day of Feb. 4, 2004, hereby so confirm my agreement with, and acceptance of, my appointment on 11 November 2002 as the Exclusive Representative of the Government of Papua New Guinea in North America on the terms of this and prior Mandates

**Michael Z. Matthew, Esq.**
Executive Vice President
National Oil Recovery Corporation

**American Arbitration Association**
# COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

TO:    Prime Minister Sir Michael Somare
        Morauta House
        P.O. Box 639
        Waigani, Papua New Guinea

        Ambassador Evan Jeremy Paki
        1779 Massachusetts Avenue NW, Suite 805
        Washington, D.C. 20036

        The below named claimant, a party to that certain written mandate dated as of January 1, 2004, and entitled Mandate to be Papua New Guinea Government's Sole and Exclusive Representative in North America (the "Mandate"), hereby demands, *inter alia*, expedited arbitration of his dispute with Papua New Guinea. Section A.6 of the Mandate, a copy of which is annexed hereto as Exhibit A, provides for the resolution of this dispute through arbitration by the American Arbitration Association.

## THE NATURE OF THE DISPUTE

        Claimant Michael Z. Matthew and respondent Papua New Guinea entered into the Mandate under which claimant was appointed Papua New Guinea's sole and exclusive representative in North America. Section A.2 of the Mandate provides that claimant is entitled to be paid a commission for services rendered pursuant to the Mandate. Claimant has rendered valuable services to respondent pursuant to the Mandate, but respondent has not paid claimant the commissions due for said services.

## THE CLAIM OR RELIEF SOUGHT

        Claimant seeks an expedited determination that, *inter alia*, claimant is entitled to a reimbursement of expenses incurred and a commission for services rendered under the Mandate in an amount of not less than $50 million.

        The dispute does not arise out of an employment relationship.

## TYPES OF BUSINESS

        Claimant is an individual engaged in rendering services to the government of Papua New Guinea under the Mandate. Respondent is a sovereign state.

## HEARING LOCALE REQUESTED

New York County, New York.

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its New York office, with a request that it commence administration of this expedited arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the American Arbitration Association.

MAIDMAN AND MITTELMAN, LLP
Attorneys for Claimant

By: _____
Stuart A. Jackson
70 East 55th Street
New York, New York 10022
(212) 755-0500

## CLAIMANT INFORMATION

Michael Z. Matthew, Esq.
Executive Vice President
National Oil Recovery Corporation
639 West 252nd Street
Riverdale, NY 10471



**I C**
**D R**

International Centre
for Dispute Resolution

Thomas M. Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone: 01 212-484-4181 facsimile: 01 212-246-7274
internet: http://www.adr.org/ICDR
e-mail: VentroneT@adr.org

May 19, 2006

By Fax and Regular Mail

Stuart A. Jackson, Esq.
Maidman & Mittleman, LLP
70 East 55th Street
New York, NY 10022-3222

Dear Mr. Jackson:

Pursuant to our conversation on May 19, 2006, please accept this notification that we cannot accept your filing of a Demand for Arbitration in the matter between Michael Matthew and Papua New Guinea. As I indicated, the arbitration clause referenced does not specifically name the American Arbitration Association (AAA) and/or the International Centre for Dispute Resolution (ICDR) as the administrating agency and therefore we have no jurisdiction to administer the arbitration. We are returning your original filing, its attachments, and your check number 5505 in the amount of $16,500 to you under separate cover.

Please note that in order to administer this dispute in the future it must either be submitted jointly by consent of the parties, or be accompanied by an order from a court directing the AAA/ICDR to administer the case.

If you have any questions regarding the Association's filing requirements, please visit our website at: www.adr.org or feel free to contact me.

Sincerely,

Thomas Ventrone

Thomas Ventrone

A Division of the American Arbitration Association

MICHAEL Z. MATTHEW,

Petitioner,

- and -

Index No. _____ /06

PAPUA NEW GUINEA,

Respondent.

# ORDER TO SHOW CAUSE

**MAIDMAN AND MITTELMAN, LLP**
*Attorneys for Petitioner*
70 East 55th Street
New York, New York 10022
(212) 755-0500

# Exhibit B

At IAS Part _2_____ of the Supreme Court
of the State of New York, held in and for the
County of New York at the Courthouse, lo-
cated at 60 Centre Street, New York, New
York on the ~~May 24th~~ day of May, 2006.

*71 Thomas*

Present: _____, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

MICHAEL Z. MATTHEW,                    :        Index No. _107131_ /06

        Petitioner,              :

    - v -                             :

                           :        **ORDER TO SHOW CAUSE**

PAPUA NEW GUINEA,                       :

        Respondent.             :

_____

**FILED**

JUL 0 3 2006

NEW YORK
COUNTY CLERK'S OFFICE

On reading and filing the Verified Petition herein and the exhibits annexed there-

to, it is hereby

ORDERED, that respondent, or its attorneys, show cause before this Court at IAS

Part _2_____ thereof, in the Courthouse at 60 Centre Street in Room _205_, New York,

New York on the _14th_ day of ~~May,~~ *June* 2006 at _9:30_ a.m. or as soon thereafter as counsel

can be heard, why an order should not be issued pursuant to CPLR 7503 compelling respondent

Papua New Guinea to submit to binding arbitration of the dispute between the parties before the

American Arbitration Association, and it is further

ORDERED, that service of a copy of this order and the papers upon which it is

based be deemed sufficient if made on or before _May 31_, 2006 by delivering a copy

_by personal service at respondent's_

thereof via ~~Federal Express overnight courier to respondent~~ at its Mission to the United Nations,

_by delivery to the person in charge of the_

located at 801 Second Avenue, New York, NY 10017, and to respondent's Ambassador to the _mission_

_or his/her_

United States, the Honorable Ambassador Evan Jeremy Paki, 1779 Massachusetts Avenue NW, _designee_

_by personal service_

Suite 805, Washington, D.C. 20036, and it is further

ORDERED, that defendant's papers in opposition, if any, be ~~served upon~~ counsel

_delivered to_

for petitioner via overnight courier on or before ___June 9___, 2006.

ENTER:

~~ALL SUBMISSIONS MUST BE FILED~~
~~IN IA PART~~
~~___ DAY(S) ___ RETURN DATE.___~~ _____, J.S.C.

ALL SUBMISSIONS MUST BE FILED
IN IA PART 2 NO LATER THAN
_1_ DAY(S) BEFORE THE RETURN DATE.

LOUIS B. YORK
J.S.C.

FILED
JUL 03 2006
NEW YORK
COUNTY CLERKS OFFICE

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MICHAEL Z. MATTHEW,                   :        Index No. _____/06

                    Petitioner,        :

          - v -                        :        **VERIFIED PETITION**

PAPUA NEW GUINEA,                     :

                    Respondent.        :

---

       Petitioner Michael Z. Matthew, by his attorneys, Maidman and Mittelman, LLP, as and for his verified petition herein alleges as follows:

     1.     Petitioner Michael Z. Matthew is a resident of New York State who resides at 639 West 252nd Street, Riverdale, New York 10471.  Petitioner is the Executive Vice President of the National Oil Recovery Corporation.

     2.     Respondent Papua New Guinea is a sovereign nation that maintains a mission to the United Nations at 801 Second Avenue, New York, NY 10017 and its embassy to the United States at 1779 Massachusetts Avenue NW, Suite 805, Washington, D.C. 20036.

     3.     Pursuant to a mandate from the Prime Minister of Papua New Guinea dated November 11, 2002, which was renewed on April 1, 2003 and again on January 1, 2004, a copy of which last renewal is annexed hereto as Exhibit 1 (the "Mandate"), petitioner was authorized to be respondent's exclusive representative in North America for the purpose, among others, of raising capital and financing for various public projects, programs and initiatives in Papua New Guinea.  In exchange for petitioner's services, respondent agreed to pay him a commission.

     4.     A dispute has arisen under the Mandate in that respondent has failed to pay peti-

tioner any of the commissions due petitioner for services he rendered to respondent.

5.    Paragraph A.6 of the Mandate provides in its entirety that '[a]ny dispute arising under this renewed Mandate (including the earlier mandates) will be arbitrated under the laws of the State of New York."

6.    On March 28, 2006 petitioner's counsel sent to respondent's Prime Minister in Papua New Guinea and its ambassador to the United States in Washington, D.C. a letter that requested respondent contact petitioner's counsel to resolve his claim, failing which petitioner would file the demand for arbitration that accompanied the letter with the American Arbitration Association ("AAA"). A copy of the proposed draft demand for arbitration is annexed hereto as Exhibit 2.

7.    Respondent failed to respond to petitioner's letter request within the allotted month and to date, and so on May 11, 2006 petitioner attempted to file his demand for arbitration with the AAA. The AAA, however, by letter dated May 19, 2006, a copy of which is annexed hereto as Exhibit 3, declined to file the demand because the Mandate did not specifically name the AAA as the administering agency of the arbitration between the parties. The AAA indicated its intention to comply with a court order directing arbitration of the parties' dispute before the AAA.

8.    Petitioner has made no previous request for the relief sought herein.

9.    Petitioner is proceeding by order to show cause in order to afford this Court the opportunity to determine the most appropriate method of service upon respondent.

WHEREFORE, petitioner prays that this Court enter an order pursuant to CPLR 7503 compelling respondent Papua New Guinea to submit to binding arbitration of the dispute

2

between the parties before the AAA or other administering agency that applies New York State law as provided in the Mandate between the parties, together with such other and further relief as may be just and proper.

Dated: New York, New York
          May 23, 2006

Respectfully submitted,

MAIDMAN AND MITTELMAN, LLP
Attorneys for Petitioner

By: _____
Stuart A. Jackson
70 East 55th Street
New York, NY 10022
(212) 755-0500

3

# VERIFICATION

STATE OF NEW YORK    )
                             ) ss.:

COUNTY OF NEW YORK  )

      The undersigned affirms under penalty of perjury that he is the attorney for petitioner Michael Z. Matthew; that he has read the foregoing verified petition and knows the contents thereof; that the same are true to his own knowledge except as to matters stated to be alleged upon information and belief; and as to those matters he believes them to be true. He makes this verification because petitioner is not in the county where the undersigned has his office.

                                                  Stuart A. Jackson

Sworn to before me this
23rd day of May, 2006

F. LLOYD GARTEN
Notary Public State of New York
No. 31-4967431
Qualified in New York County
Commission Expires June 4, 2006

4



**PRIME MINISTER
PAPUA NEW GUINEA**

1 January, 2004

**Michael Z. Matthew, Esq**
Executive Vice President
National Oil Recovery Corporation
639 West 252nd Street
Riverdale, New York, NY 10471
United States of America

_By Fax: 05 1 (718) 601 8827
& Original by Courier_

Dear Mr Matthew

**RE:  MANDATE TO BE THE PAPUA NEW GUINEA GOVERNMENT'S SOLE
AND EXCLUSIVE REPRESENTATIVE IN NORTH AMERICA**

I refer to the mandate, which the Government of Papua New Guinea ("the
Government") granted you on 11 November 2002, as renewed and updated by the
Government's mandate of 1 April 2003 (the "Mandate").

Under that Mandate, you (including your associates) have been authorized to,
among others, support us in our continuing efforts to attract North American foreign
direct investment and investors to Papua New Guinea ("PNG") and to support the
Government in advancing or promoting PNG's interests, developmental goals,
programs and initiatives. This includes, among others, the raising of capital and
financing for various public projects, programs and initiatives in PNG.

Even if the Mandate may have expired on 31 December 2003, you are still deemed
to have the mandate to continue to ensure that the projects, programs or
transactions that the Government has initiated through your support are realized or
brought to fruition notwithstanding any deemed expiry of the Mandate.

In any event, this mandate letter hereby further renews, updates and extends the
Mandate by an additional extended period of seven (7) years. Accordingly, for the
purpose of distinguishing this from the Mandate, this renewed Mandate is
appropriately referred to herein as "this Mandate" or the "renewed Mandate", where
appropriate.

1.    *Term:* This renewed Mandate incorporates the earlier Mandate of 1 April 2003 and comes into force on 1 January 2004 and shall be in full force and effect for the *longer* of: (a) a period of seven (7) years and to end on or about 31 December 2010; or (b) at the end of the 'relevant maturity date' in relation to the proposed International Bond Offering ("Bond Offering") described herein. (The 'relevant maturity date' is the date on or by which the Government will have fully paid its bondholders/noteholders or lenders, including interests and principal under the relevant agreements relating to the Bond Offering.)

2.    *Commission:* You will be entitled to be paid a commission, assuming your appointment as Exclusive Representative is approved or endorsed by Cabinet (as referred to below in paragraph 4) and that you have successfully performed in relation to the Bond Offering (among other financing or investment transactions) on behalf of the Government. You will have successfully performed under this Mandate if, through your efforts, the sole Lead Manager and the U.S./International Counsel are committed to the Bond Offering, which will be demonstrated by, for example, their expending their own resources in pursuing this transaction for the Government based on a Cabinet decision or approval. The Prime Minister, the Treasurer or other authorized official will agree with you on the actual percentage of commission to which you will be entitled, based on a letter or note to the Government from you to that effect.

3.    When agreeing with you on the commission, the Government (including any authorized government official) is required to take into account relevant considerations and circumstances, including the extent of your efforts (including time spent) on the Bond Offering or any transaction; your relevant expenses (including those of your associates); your expertise, experiences, skills and reputation (standing) within U.S. business and political circles, as well as the uniqueness or novelty and volume (value) of the transaction.

4.    *Approval by Cabinet:* Your appointment (including the Mandate) is expected to be approved by Cabinet, based on a forthcoming Cabinet submission to be made by the Prime Minister and Treasurer in relation to the Bond Offering. Once approved, the Mandate shall remain as approved and valid for all intents and purposes in relation to the Bond Offering and in relation to any other transaction, activity or program contemplated herein.

5.    *Knowledge:* If a question arises as to whether the Government (including any department or any official or component of government) had knowledge of any aspect of this Mandate, the fact that any department, agency, authorized official or such other component of government had knowledge shall be sufficient knowledge on the Government's part.

6.　Any dispute arising under this renewed Mandate (including the earlier mandates) will be arbitrated under the laws of the State of New York.

7.　This Mandate affirms your SOLE AND EXCLUSIVE MANDATE to represent our array of interests (as described herein) in North America and in third countries, especially if those third countries are, in your judgement, relevant or useful to advancing PNG's interests. Your efforts will complement and enhance those of our relevant diplomatic missions in North America.

**B.　Some Specific Responsibilities under this Renewed Mandate**

1.　The Government remains supremely confident that in your existing role as our Exclusive Representative, you are eminently placed within North America to support us in our efforts to attract North American investment and financing, and that you will also support any other worthwhile activities or initiatives, which we will be pursuing, including the following:

(a)　making representations to any bank, other financial institutions or North American, which may be interested in acquiring or investing in any State-owned enterprise ("SOE"), including raising financing (whether these be loans, grants or both) from both private and public sources within the U.S., including U.S. government sources;

(b)　supporting any efforts by the Government to identify, trace or recover any assets or monies to which the Government is or may be entitled;

(c)　making representations to United States Government agencies and political leaders in relation to, among others, United States support for PNG's investment (economic), trade, security and/or strategic interests, including such other significant interests.

2.　You are to render or provide your services, advice or support to the Government through the Prime Minister and/or any of the following:

(a)　Chief Secretary to Government;

(b)　PNG's ambassador to the United States;

(c)　Minister for Foreign Affairs & Immigration;

(d)　any other authorized Minister or government official.

**C.　Progress to date**

1.　I am aware that you have made, at considerable personal costs and expenses, significant progress in the foregoing areas. Specifically, you have undertaken discussions/negotiations with:

(a)　United States investment banks and other financial institutions interested in investing in PNG or lending to the Government;

(b)　U.S. financial institutions aimed at securing funds for financing significant investment and infrastructure projects in the country;

(c)　U.S. government leaders with respect to, among others, security, strategic or political issues affecting PNG and the region generally,

which may have a bearing on PNG's political, strategic and economic relationships with the United States;

(d) United States-based legal or financial advisors for the purpose of tracing, locating or identifying significant amounts of money (the ownership of which is or would be vested in the Government).

2. Your significant efforts support to the Government since July 2002 have now enabled the Government to take substantive steps towards raising financing through the Bond Offering. We have mandated, based on your advice and guidance (which we have found extremely valuable and useful), Bear Stearns & Co., a reputable New York based investment bank, as sole Lead Manager and Underwriter for the Bond Offering.

## D.  The Government further affirms and undertakes the following:

1. The Government will not retain or mandate or otherwise deal with any other person or entity based in North America with respect to the privatization of any SOE or to undertake any other commercial or financing transaction of whatsoever nature for, or on behalf of, the Government - unless that person or entity has been expressly approved by you.

2. The Government will not, of its own volition, revoke, cancel, vitiate or otherwise render invalid this renewed Mandate under any circumstance during the extended term of this Mandate. Should a different Prime Minister get elected or different government assumes office at any time during the term of this Mandate, that subsequent prime minister or government will give due regard and recognition to this renewed Mandate.

3. Accordingly, you are assured that the Government will respect, as well as give full faith and credit to, this Mandate during its full term and as you are faithfully executing your duties and providing your services herein.

4. Notwithstanding any other provision herein, this Mandate shall not be terminated prematurely *unless*:
   (a) you have, in writing (which is signed and delivered to the Office of the Prime Minister) unequivocally evinced an intention to prematurely terminate this Mandate; and
   (b) all of your costs/expenses (including any outstanding commission) - to which you may be entitled under this Mandate - have been reimbursed, settled or paid by the Government.

5. This Mandate also enables you (including your associates) to support the Government in all and any areas, which you - in your professional judgment - consider necessary or appropriate, as long as such support will, or will

reasonably be expected to, contribute towards promoting or advancing our legitimate national interests, development goals, objectives and policies.

6.    The rights, powers and authority contained in, or incidental to, the terms of this renewed Mandate will be deemed to have been also granted to your associates in the United States and PNG to the extent your associates will be working with you in this respect.

7.    Where a thing to be done in the course of this Mandate requires prior compliance with certain domestic law or policy or requires prior approval of a certain State entity or agency, you are entitled to assume that the Government has ensured (or will ensure) that that law or policy has been (or will be) complied with or that approval has been (or will be) obtained.

8.    This renewed Mandate is thus in full force and effect as of 1 January 2004 and will be current up to 31 December 2010 with an option to further review and renew this Mandate.

AND FOR SO DOING, LET THIS BE YOUR SOLE AND EXCLUSIVE AUTHORITY

IF YOU SO AGREE WITH AND ACCEPT YOUR APPOINTMENT on 11 November 2002 (as affirmed on 1 April 2003 and as further affirmed by this renewed Mandate) as Exclusive Representative on the terms of this Mandate, please confirm your agreement and acceptance by signing below and returning a signed counterpart of the original to us.

*Yours sincerely*

**M T Somare  GCMG CH**
Prime Minister

## CONFIRMATION OF AGREEMENT AND ACCEPTANCE

I, **Michael Z. Matthew, Esq.** (representing myself and my associates), on this day of Feb. 4, 2004, hereby so confirm my agreement with, and acceptance of, my appointment on 11 November 2002 as the Exclusive Representative of the Government of Papua New Guinea in North America on the terms of this and prior Mandates

..............................................
**Michael Z. Matthew, Esq.**
Executive Vice President
National Oil Recovery Corporation

**American Arbitration Association**
## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION


TO:    Prime Minister Sir Michael Somare
Morauta House
P.O. Box 639
Waigani, Papua New Guinea

Ambassador Evan Jeremy Paki
1779 Massachusetts Avenue NW, Suite 805
Washington, D.C. 20036


      The below named claimant, a party to that certain written mandate dated as of January 1, 2004, and entitled Mandate to be Papua New Guinea Government's Sole and Exclusive Representative in North America (the "Mandate"), hereby demands, *inter alia*, expedited arbitration of his dispute with Papua New Guinea. Section A.6 of the Mandate, a copy of which is annexed hereto as Exhibit A, provides for the resolution of this dispute through arbitration by the American Arbitration Association.

## THE NATURE OF THE DISPUTE

      Claimant Michael Z. Matthew and respondent Papua New Guinea entered into the Mandate under which claimant was appointed Papua New Guinea's sole and exclusive representative in North America. Section A.2 of the Mandate provides that claimant is entitled to be paid a commission for services rendered pursuant to the Mandate. Claimant has rendered valuable services to respondent pursuant to the Mandate, but respondent has not paid claimant the commissions due for said services.

## THE CLAIM OR RELIEF SOUGHT

      Claimant seeks an expedited determination that, *inter alia*, claimant is entitled to a reimbursement of expenses incurred and a commission for services rendered under the Mandate in an amount of not less than $50 million.

      The dispute does not arise out of an employment relationship.

## TYPES OF BUSINESS

      Claimant is an individual engaged in rendering services to the government of Papua New Guinea under the Mandate. Respondent is a sovereign state.

**HEARING LOCALE REQUESTED**

New York County, New York.

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its New York office, with a request that it commence administration of this expedited arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the American Arbitration Association.

MAIDMAN AND MITTELMAN, LLP
Attorneys for Claimant

By: _____
Stuart A. Jackson
70 East 55th Street
New York, New York 10022
(212) 755-0500

**CLAIMANT INFORMATION**

Michael Z. Matthew, Esq.
Executive Vice President
National Oil Recovery Corporation
639 West 252nd Street
Riverdale, NY 10471

**I C**
**D R**
International Centre
for Dispute Resolution

Thomas M. Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone: 01 212-484-4181 facsimile: 01 212-246-7274
internet: http://www.adr.org/ICDR
e-mail: VentroneT@adr.org

May 19, 2006

By Fax and Regular Mail

Stuart A. Jackson, Esq.
Maidman & Mittleman, LLP
70 East 55th Street
New York, NY 10022-3222

Dear Mr. Jackson:

Pursuant to our conversation on May 19, 2006, please accept this notification that we cannot accept your filing of a Demand for Arbitration in the matter between Michael Matthew and Papua New Guinea. As I indicated, the arbitration clause referenced does not specifically name the American Arbitration Association (AAA) and/or the International Centre for Dispute Resolution (ICDR) as the administrating agency and therefore we have no jurisdiction to administer the arbitration. We are returning your original filing, its attachments, and your check number 5505 in the amount of $16,500 to you under separate cover.

Please note that in order to administer this dispute in the future it must either be submitted jointly by consent of the parties, or be accompanied by an order from a court directing the AAA/ICDR to administer the case.

If you have any questions regarding the Association's filing requirements, please visit our website at: www.adr.org or feel free to contact me.

Sincerely,

*Thomas Ventrone*

Thomas Ventrone

COUNTY OF NEW YORK

MICHAEL Z. MATTHEW,

Petitioner,

- and -

PAPUA NEW GUINEA,

Respondent.

Index No. _____ /06

FILED

JUL 0 3 2006

NEW YORK
COUNTY CLERKS OFF

# ORDER TO SHOW CAUSE

PART - 130 SIGNING REQUIREMENT
Pursuant to Section 130-1.1-a of
the Rules of the Chief
Administrator (22 NYCRR).

By: _____
Dated:

5/23/06

### MAIDMAN AND MITTELMAN, LLP
*Attorneys for Petitioner*
70 East 55th Street
New York, New York 10022
(212) 755-0500

# Exhibit C

## MAIDMAN AND MITTELMAN, LLP

### FACSIMILE TRANSMITTAL SHEET

| TO: The Honorable Evan Jeremy Paki | FROM: F. Lloyd Garten |
|---|---|
| COMPANY: Embassy of Papua New Guinea to the United States | DATE: 06/13/06 |
| FAX NUMBER: (202) 745-3679 | TOTAL NO. OF PAGES INCLUDING COVER: 1 |
| PHONE NUMBER: (202) 745-3680 | SENDER'S REFERENCE NUMBER: |
| RE: *Matthew v. Papua New Guinea*, NY Co. Index No. 107131/06 | YOUR REFERENCE NUMBER: |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Ambassador Paki:

I write at the Court's direction to advise you that the hearing on petitioner's order to show cause in the above referenced action has been adjourned from tomorrow, June 14 to Friday, June 16, 2006 at 9:30 a.m.

Very truly yours,

F. Lloyd Garten

cc:   The Hon. Louis B. York, J.S.C.
      (by fax, 212.374-8417)

I called Garten Esq.
and told them 6/16
is an error 6/23 is
OA . EF

This facsimile contains privileged and confidential information named above. If you are not the intended recipient of this facs authorized dissemination of this facsimile is strictly prohibited. ror, please notify the sender immediately. Thank you.

# Exhibit D

MAIDMAN AND MITTELMAN, LLP

## FACSIMILE TRANSMITTAL SHEET

| TO: The Honorable Evan Jeremy Paki | FROM: F. Lloyd Garten |
|---|---|
| COMPANY: Embassy of Papua New Guinea to the United States | DATE: 06/16/06 |
| FAX NUMBER: (202) 745-3679 | TOTAL NO. OF PAGES INCLUDING COVER: 1 |
| PHONE NUMBER: (202) 745-3680 | SENDER'S REFERENCE NUMBER: |
| RE: *Matthew v. Papua New Guinea*, NY Co. Index No. 107131/06 | YOUR REFERENCE NUMBER: |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Ambassador Paki:

I have been advised by the Court that the hearing on petitioner's order to show cause in the above referenced action was actually adjourned to Friday, June 23, 2006 at 9:30 a.m., not June 16, 2006 as I previously advised you.

Very truly yours,

F. Lloyd Garten

**FILED** JUL 10 2006 NEW YORK COUNTY CLERK'S OFFICE

**RECEIVED** JUN 19 2006 PART 2

cc:    The Hon. Louis B. York, J.S.C.
(by fax, 212.374.8415)

This facsimile contains privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this facsimile, you are hereby notified that any un-authorized dissemination of this facsimile is strictly prohibited. If you have received this facsimile in er-ror, please notify the sender immediately. Thank you.

70 EAST 55TH STREET NEW YORK NEW YORK 10022 TEL (212) 755-0500 FAX (212) 755-2140

# Exhibit E

## REQUEST FOR JUDICIAL INTERVENTION

UCS-840(REV 1/2000)

SUPREME     NEW YORK     107131/06     5/23/06
COURT       COUNTY       INDEX NO.       DATE PURCHASED

PLAINTIFF(S):

MICHAEL Z. MATTHEW,
      PETITIONER,

DEFENDANT(S):

PAPUA NEW GUINEA,
      RESPONDENT.

| For Clerk Only |
| --- |
| 007966 |
| IAS entry date |
| 5-23-06 |
| Judge Assigned |
| YORY |
| RJI Date |

Date issue joined: N/A _____ Bill of particulars served (Y/N): [ ]Yes    [✓]No

NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of
    readiness

[ ] Notice of motion (return date:_____)
    Relief sought _____

[✓] Order to show cause
    (clerk enter return date:_____)
    Relief sought ARBITRATION

[ ] Other ex parte application (specify:
_____)

[ ] Notice of petition (return date:_____)
    Relief sought

[ ] Notice of medical or dental malpractice
    action (specify:

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify:_____

FILED
JUL 03 2006
NEW YORK
COUNTY CLERKS OFF.

INDEX NUMBER ... YEAR ...
... RJI FEE
TOTAL
CHECK

CONS CASHIER  DATE
24447 1000  06 MAY 23

NATURE OF ACTION OR PROCEEDING (Check ONE box only)

MATRIMONIAL
[ ] Contested                 -CM
[ ] Uncontested            -UM

COMMERCIAL
[ ] Contract                 -CONT
[ ] Corporate               -CORP
[ ] Insurance (where insurer is a
    party, except arbitration)    -INS
[ ] UCC (including sales, negotiable
    instruments)              -UCC
[ ] *Other Commercial       -OC
_____

REAL PROPERTY
[ ] Tax Certiorari           -TAX
[ ] Foreclosure             -FOR
[ ] Condemnation          -COND
[ ] Landlord/Tenant        -LT
[ ] *Other Real Property    -ORP

OTHER MATTERS
[ ] *_____ -OTH

TORTS

Malpractice
[ ] Medical/Podiatric       -MM
[ ] Dental                  -DM
[ ] *Other Professional     -OPM
_____
[ ] Motor Vehicle           -MV
[ ] *Products Liability     -PL
_____
[ ] Environmental          -EN
[ ] Asbestos               -ASB
[ ] Breast Implant        -BI
[ ] *Other Negligence      -OTN
_____
[ ] *Other Tort (including
    intentional)             -OT

SPECIAL PROCEEDINGS
[✓] Art. 75 (Arbitration)    -ART75
[ ] Art. 77 (Trusts)        -ART77
[ ] Art. 78                 -ART78
[ ] Election Law            -ELEC
[ ] Guardianship (MHL Art. 81) -GUARD81
[ ] *Other Mental Hygiene   -MHYG
[ ] *Other Special Proceeding -OSP

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO |
|-----|-----|
| [ ] | [√] Municipality: |
| | (Specify_____) |

| YES | NO |
|-----|-----|
| [ ] | [√] Public Authority: |
| | (Specify_____) |

YES  NO
[ ]  [√] Does this action/proceeding seek equitable relief?
[ ]  [√] Does this action/proceeding seek recovery for personal injury?
[ ]  [√] Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☑ Expedited: 0-8 months        ☐ Standard: 9-12 months        ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?          ☐ No          ☐ Yes, Date_____

Was a Notice of No Necessity filed?    ☐ No          ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ☐ | MADMAN AND MITTELMAN, LLP | 70 EAST 55TH ST. NEW YORK, NY 10022 | (212) 755-0500 |
| ☐ | | | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ☐ | | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

N/A

RELATED CASES: (IF NONE, write "NONE" below)
Title              Index #              Court              Nature of Relationship


        I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: _____
                        _____
                            (SIGNATURE)

                        F. LLOYD GARTEN
                        (PRINT OR TYPE NAME)

                        PETITIONER
                        ATTORNEY FOR


              ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

# Exhibit F

# AFFIDAVIT OF PROCESS SERVER

| | | |
|---|---|---|
| **Supreme Court** | **County of New** | **State of New York** |

**Michael Z. Matthew**

    Petitioner

vs.

**Papau New Guinea**

    Respondent

Attorney:

Maidman & Mittelman, LLP
Stuart Jackson
70 East 55th Street
New York, NY. 10022

**Case Number:** 107131/06

**Court Date:**
**Court Time:**

Legal documents received by Legal Ease Inc, on May 30th, 2006 at 10:00 AM to be served upon **Honorable Evan Jeremy Paki at 1779 Massachusetts Ave., NW, Washington, DC. 20036**

I, Brandon A. Snesko, swear and affirm that on **May 30th, 2006 at 11:47 AM,** I did the following:

**Individually** Served  the person listed as the intended recipient of the legal document with this **Order to Show Cause, Verified Petition.**

**Description of Person Accepting Service:**
Sex: Male  Age: 48  Height: 5'7"  Weight: 200  Skin Color: Black  Hair Color: Black  Glasses:

**Supplemental Data Appropriate to this Service:**

**FILED**

JUL 0 3 2006

NEW YORK
COUNTY CLERK'S OFF...

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am certified, appointed by sheriff or motion and order and that I am legally authorized to serve court documents within the above named circuit / county.

**Brandon A. Snesko**
Process Server

**Legal Ease Inc,**
**139 Fulton St.**
**New York, NY 10038**

(212) 393-9070

Internal Job ID: 0000000537

**RECEIVED**

JUN  7 2006

**PART 2**

District of Columbia : SS
Subscribed and sworn to before me
this _30TH_ day of _May 2006_
Notary Public
My commission expires December 14, 2008

Copyright  2005-2006 Process Server Central, LLC. All rights reserved.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MICHAEL Z. MATTHEW,

                    Petitioner,

                                                    **Index No.**
          -v-                                       **107131/06**

PAPUA NEW GUINEA,                                   **AFFIDAVIT OF**
                                                    **SERVICE**

                    Respondent.

STATE OF NEW YORK)
COUNTY OF NEW YORK } ss.:

Caswell Bryan, being duly sworn, deposes and says: I am not a party to this action, am
over 18 years of age and reside at Yonkers, NY:

On May 31, 2006 at 9:35 a.m. at 801 Second Avenue, New York, NY, 10017,
I attempted to serve the within ORDER TO SHOW CAUSE on PAPUA NEW GUINEA,
Respondent therein named, but was told by DIEGO ANDRADE, security guard, this was
an incorrect location and told me the correct address is 201 East 42nd Street, Suite 405,
New York, NY.

On May 31, 2006 at 9:50 a.m. at 201 East 42nd Street, Suite 405, New York, NY,
I served the within ORDER TO SHOW CAUSE on PAPUA NEW GUINEA,
Respondent therein named, by delivering a true copy to REMCY DUMAQUITA,
Assistant to Robert G. Aisi, Ambassador of Papua New Guinea.

The person served is an Indian female, black hair, 25-35 years old, 5'5" – 5'7" in height,
120-130 pounds.

**FILED**                          *Caswell Bryan*
                                   Caswell Bryan
                                   License No. 846846

Sworn to before me this            JUL 0 3 2006
31st day of May 2006               NEW YORK
                                   COUNTY CLERK'S OFF.
NOTARY PUBLIC
                    MAUREEN I. MINTZER
                    NOTARY PUBLIC-STATE OF NEW YORK
                    No. 60-4827421
                    Qualified in Westchester County
                    My Commission Expires May 31, 2010

**LegalEase**
*Inc.*

139 Fulton Street, New York, NY 10038
Tel: 212-393-9070    •    800-393-1277    •    Fax: 212-393-9796

# Exhibit G

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:    _York_    **LOUIS B. YORK**    PART _2_
                        _Justice_  J.S.C.

| | |
|---|---|
| INDEX NO. | 107131/06 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |
| MOTION CAL. NO. | |

MICHAEL MATTHEW

- v -

PAPUA NEW GUINEA

**RECEIVED**

The following papers, numbered 1 to _____ were read on this motion to/for _____

JUN 27 2006

IAS MOTION
SUPPORT OFFICE

**PAPERS NUMBERED**

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits _____

Replying Affidavits _____

Cross-Motion:    ☐ Yes    ☒ No

Upon the foregoing papers, it is ordered that this motion to ~~set~~ require enforce
the arbitration agreement between ~~the~~ petitioner
and respondent is granted on default. (11:10)
The parties may bring their arbitration
before the American ~~Arbit~~ Arbitration
Association in New York City.
    This is the Order and Judgment of the
Court

**FILED**

JUL 03 2006

NEW YORK
COUNTY CLERKS OFFICE

Dated: 6/23/06

_Guy_
**LOUIS B. YORK**    J.S.C.

Check one:    ☒ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

MOTION/CASE IS RESPECTFULLY REFERRED TO
JUSTICE

# Exhibit H

NEW YORK COUNTY COURTHOUSE
60 CENTRE STREET
NEW YORK, N.Y. 10007
(212) 374-8366
(212) ___-5385 FAX

*Certified mail NO:-*
*91 7108 2133 3933 8913 2909*

![coat of arms]

NORMAN GOODMAN
COUNTY CLERK AND CLERK OF
THE SUPREME COURT

Plaintiff

*Michael Z. Matthew*

V.

Index No.    *10 7131/06*

*Papua New Guinea*

Defendant

**FILED**

*Service pursuant to 1608(a)(4)*

FILED
JUL 13 2007
NEW YORK
COUNTY CLERKS OFFICE

State of New York
                        SS:
County of New York

*Usha Patel*
                              , Court Clerk, Office of the County Clerk and
Clerk of the Supreme Court, New York County, being duly sworn, deposes and say:

Pursuant to Art. 5 of the Convention on the Service of Judicial and Extrajudicial Documents in Civil and Commercial Matters signed at the Hague on Nov. 15, 1965/ The Foreign Soverign Immunities Act of 1976 28 USC 1608; *F. Lloyd Garten*
                                                                        , an employee
of *Maidman and Mittelman, LLP  (212) 755-0500*

delivered to this office on *7/12/07*
                                              . the following documents:
*Two copies of*
*1) Order to show cause dated 7/9/07*
*2) Petition with exhibit*
*3) Notice of suit*
*4) Foreign Sovereign Immunity act*

The above documents were sealed in an envelope with postage paid for ~~registered air~~ **CERTIFIED** mail, return receipt requested and addressed to: *Secretary of State, U.S. Department of State, Washington, D.C. 20520, Attn: Director of Special Consular Services*

On *7/12/07*, the envelope (s) was delivered to the U.S. Post Office by *Joe Rios*
The ~~registered air~~ **CERTIFIED** mail receipt is attached. A shortage of $ *0 —* in postage fees was paid by this office which was then reimbursed by the sender.

State of New Yo
County of New York
Sworn to before me this
7th day of *July 19* 2007

EMMA DROP
Notary Public, State of New York
Qualified in N.Y. Co. No. 04DR4982961
COMMISSION EXPIRES *7/23/09*

*Usha Patel*
_____
Court Clerk

MAIDMAN AND MITTELMAN, LLP
ATTORNEYS AND COUNSELORS AT LAW
70 EAST 55TH STREET
NEW YORK, NEW YORK 10022-3222
(212) PL5-0500
FACSIMILE: (212) 319-4549

MITCHEL A. MAIDMAN
GREGORY L. MAIDMAN
STUART A. JACKSON

EUGENE MITTELMAN    (1935-2005)

OF COUNSEL
RICHARD H.M. MAIDMAN

F. LLOYD GARTEN
MICHAEL MOSTOFF
CHRISTELLE CLEMENT

July 11, 2007

<u>VIA CERTIFIED MAIL, RRR</u>

Secretary of State
U.S. Department of State
Washington, D.C. 20520

Attn: Director of Special Consular Services

Re:    *Matthew v. Papua New Guinea*,
         <u>NY Co. Index No. 107131/06</u>

Dear Sir:

Enclosed please find two copies of an amended order to show cause and the papers upon which it is based (including a petition, exhibits, notice of suit and copy of the Foreign Sovereign Immunity Act) that the Clerk of the New York State Supreme Court has been directed to send to you pursuant to 28 U.S.C. § 1608(a)(4). I would appreciate your transmitting one copy of this order through diplomatic channels to Papua New Guinea and sending the Clerk a certified copy of the diplomatic note indicating when the papers were transmitted with a copy of the diplomatic note to me, as the order directs. Thank you for your assistance.

Very truly yours,

Stuart A. Jackson

SAJ.fiz
encs.

At IAS Part _____ of the Supreme Court of the State of New York, held in and for the County of New York at the Courthouse, located at 71 Thomas Street, New York, New York on the _____ day of July, 2007.

Present: _____, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

|  |  |  |
|---|---|---|
| MICHAEL Z. MATTHEW, | : | Index No. 107131/06 |
| | : | |
| Petitioner, | : | |
| | : | AMENDED |
| - v - | : | **ORDER TO SHOW CAUSE** |
| | : | |
| PAPUA NEW GUINEA, | : | |
| | : | |
| Respondent. | : | |

_____

On reading and filing the Verified Petition herein and the exhibits annexed thereto, it is hereby

ORDERED, that respondent, or its attorneys, show cause before this Court at IAS Part ___2___ thereof, in the Courthouse at 71 Thomas Street in Room __205__, New York, New York on the _____17th_____ day of September, 2007 at __9:30__ a.m. or as soon thereafter as counsel can be heard, why an order should not be issued pursuant to CPLR 7503 compelling respondent Papua New Guinea to submit to binding arbitration of the dispute between the parties before the American Arbitration Association ("AAA"), and it is further

ORDERED, that service of two copies of this Order, the papers upon which it is based and the annexed Notice of Suit and annexed copy of the Foreign Sovereign Immunity Act

("FSIA") be deemed sufficient if made by the Clerk of this Court on or before ~~30 days~~ *Aug. 8, 2007* after the

date of the signing of this Order by certified mail, return receipt requested to the Secretary of

State, attention Director of Special Consular Services, at U.S. Department of State, Washington,

D.C. 20520, and the Clerk of this Court is hereby directed to effect such service pursuant to FSIA

§ 1608(a)(4) upon the Secretary of State, who shall transmit one copy of the papers thus served

through diplomatic channels to Papua New Guinea and send the Clerk of this Court a certified

copy of the diplomatic note indicating when the papers were transmitted, copy to petitioner's

counsel, and if made by Petitioner upon the AAA c/o Ms. Miroslava Schierholz, International

Centre for Dispute Resolution, 1633 Broadway, 10th Floor, New York, NY 10019; and it is fur-

ther *The Answer shall be served on or before Oct. 9, 2007.*

ORDERED, that pending service upon respondent Papua New Guinea pursuant to

the FSIA and the hearing of petitioner's application to confirm the AAA as the appropriate forum

for resolution of the disputes arising out of the mandate issued by respondent in petitioner's fa-

vor, the AAA and Philip O'Neill, the AAA-appointed arbitrator, be and the same hereby are

stayed and enjoined from issuing a final order disposing of the pending arbitration commenced

by petitioner pursuant to the June 23, 2006 order of the Honorable Louis B. York of this Court;

and it is further

ORDERED, that any papers in opposition to this application be served so that

they are received by petitioner's counsel at least seven days prior to the return date of this Order.

**ALL SUBMISSIONS MUST BE FILED
IN IA PART 2 NO LATER THAN
2 DAY(S) BEFORE THE RETURN DATE.**

ENTER:

**FILED**

JUL 11 2007

NEW YORK
COUNTY CLERK'S OFFICE

2

_____, J.S.C.

**LOUIS B. YORK
J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MICHAEL Z. MATTHEW,　　　　　　:

　　　　　　Petitioner,　　　　　　　:

　　- v -　　　　　　　　　　　　:

PAPUA NEW GUINEA,　　　　　　　:

　　　　　　Respondent.　　　　　:

---

Index No. 107131/06

AMENDED
**VERIFIED PETITION**

Petitioner Michael Z. Matthew, by his attorneys, Maidman and Mittelman, LLP, as and for his verified petition herein alleges as follows:

1.　　Petitioner Michael Z. Matthew is a resident of New York State who resides at 639 West 252nd Street, Riverdale, New York 10471.  Petitioner is the Executive Vice President of the National Oil Recovery Corporation.

2.　　Respondent Papua New Guinea ("PNG") is a sovereign nation that maintains a mission to the United Nations in New York City and an embassy in Washington, D.C.

3.　　Pursuant to a mandate from the Prime Minister of Papua New Guinea dated November 11, 2002, which was renewed on April 1, 2003 and again on January 1, 2004, a copy of which last renewal is annexed hereto as Exhibit 1 (the "Mandate"), petitioner was authorized to be respondent's exclusive representative in North America for the purpose, among others, of raising capital and financing for various public projects, programs and initiatives in Papua New Guinea.  In exchange for petitioner's services, respondent agreed to pay him a commission.

4.　　A dispute has arisen under the Mandate in that respondent has failed to pay petitioner any of the commissions due petitioner for services he rendered to respondent.

5.     Paragraph A.6 of the Mandate provides in its entirety that '[a]ny dispute arising under this renewed Mandate (including the earlier mandates) will be arbitrated under the laws of the State of New York."

6.     On March 28, 2006 petitioner's counsel sent to respondent's Prime Minister in Papua New Guinea and its ambassador to the United States in Washington, D.C. a letter that requested respondent contact petitioner's counsel to resolve his claim, failing which petitioner would file the demand for arbitration that accompanied the letter with the American Arbitration Association ("AAA").

7.     Respondent failed to respond to petitioner's letter request within the allotted month and to date, and so on May 11, 2006 petitioner attempted to file his demand for arbitration with the AAA.  The AAA, however, by letter dated May 19, 2006 declined to file the demand because the Mandate did not specifically name the AAA as the administering agency of the arbitration between the parties.  The AAA indicated its intention to comply with a court order directing arbitration of the parties' dispute before the AAA.

8.     On or about May 24, 2006 following Petitioner's application for same, the Hon. Louis B. York, a Justice of this Court, issued an order requiring Respondent Papua New Guinea to show cause why an order should not be issued compelling Respondent Papua New Guinea to submit to binding arbitration of the dispute before the AAA. A copy of Justice York's Order without exhibits is annexed hereto as Exhibit 2.

9.     Justice York's order required personal service of a copy of his order and the papers upon which it was based upon PNG's Ambassador in Washington, D.C. and the person or his designee in charge of Respondent's mission to the United Nations in New York on or before

2

May 31, 2006.

10.      After service upon Respondent in accordance with Justice York's order of May 24, 2006, Justice York granted Petitioner's motion in default and issued an order dated June 23, 2006 and filed in the office of the clerk of New York County on July 3, 2006 allowing the arbitration to proceed before the AAA.

11.      Petitioner thereafter in accordance with the CPLR served notice of entry of Justice York's order on default on PNG by delivering the same to PNG's Ambassador in Washington, D.C. and the head of Respondent's mission to the United Nations in New York.

12.      On or about August 1, 2006, Petitioner filed its claim with the AAA which in turn advised PNG of the commencement of the arbitration. PNG did not appear. A copy of Petitioner's claim filed with the AAA is annexed hereto as Exhibit 3.

13.      On December 6, 2006, absent an appearance by PNG, Philip D. O'Neill, Jr. was selected by Petitioner as the sole arbitrator in the arbitration before the AAA.

14.      On March 23, 2007 PNG's Ambassador Evan Jeremy Paki advised the AAA of the appointment of a PNG governmental team to be responsible for advising the government on the matter before Arbitrator O'Neill. The team members identified by Ambassador Paki include: Hitelai Polume-Kiele, Esq., Acting Attorney General; Simon Tosali, Secretary of Treasury; Kerenga Kua, Esq., Government's private legal adviser; and Geoffrey Emang, Esq.

15.      On or about May 17, 2007 Baker and McKenzie LLP advised Arbitrator O'Neill that they had been engaged by PNG and entered what might be called a special appearance for the purpose of objecting to the jurisdiction of the AAA and the arbitrator over any dispute arising out of the Mandate.

3

16.     Baker and McKenzie offered to allow the arbitration to proceed with PNG participating provided they could reserve the issue of their objection to the jurisdiction of the AAA. Petitioner refused to allow PNG to reserve the issue of jurisdiction of the AAA over the dispute arising from the Mandate.

17.     On June 28, 2007 Arbitrator O'Neill determined in response to the jurisdictional challenge of PNG that he and the AAA did not have jurisdiction over the dispute between the parties notwithstanding the order of Justice York. According to Arbitrator O'Neill, the Foreign Sovereign Immunity Act ("FSIA") governs the service of process upon PNG and none of the actions taken by Petitioner or the Supreme Court satisfied the requirements of the FSIA.

18.     Petitioner urged Arbitrator O'Neill to stay the proceeding pending application to the Supreme Court to enable Petitioner to cure any defect in service. While Arbitrator O'Neill did not grant a stay, he ordered a closing schedule in which he stated that "as a practical matter, ample time is permitted between now and the issuance of a final award to *seek judicial intervention for temporary relief through a stay.*" (Emphasis added).

19.     Petitioner seeks an order to show cause because under the FSIA the Respondent PNG may take as long as 60 days to respond to the Petition, by which time, absent a stay obtained by order to show cause, the pending arbitration would be terminated by the arbitrator to the damage of Petitioner.

20.     At the commencement of the arbitration, Petitioner paid a filing fee in excess of $16,000. If the arbitration is allowed to end without affording the Petitioner the opportunity to remedy any defect in service, Petitioner's substantial filing fee would be lost.

21.     Indeed without a stay, Petitioner's filing fee may be lost and if Petitioner is there-

after successful in convincing the Court that its original affirmation of the AAA as an appropriate forum was correct, Petitioner may be obligated to pay again the substantial filing fee in order to proceed before the AAA.

22.    Petitioner has made no previous request for the relief sought herein except that Petitioner sought and was granted an order to show cause which resulted in service according to the CPLR upon PNG which Petitioner now seeks to supplement by complying with the FSIA.

23.    Petitioner initially sought an order compelling PNG to arbitrate before the AAA. Because Justice York granted Petitioner's motion in default, and Respondent PNG did not have, at least according to the import of Arbitrator O'Neill's decision, the opportunity to be heard, Petitioner seeks the same relief, including a determination that Petitioner may proceed with its pending arbitration in the AAA, to afford PNG the opportunity to be heard through service pursuant to the FSIA.

24.    A September return date is appropriate in this matter because the FSIA requires that foreign states be given 60 days to respond to the petition herein.

25.    Petitioner recently learned from a representative of the United States Post Office that no form of mail requiring a signed receipt can be sent to Papua New Guinea. Service under FSIA § 1608(a)(3) therefore cannot be made within 30 days, and service under FSIA § 1608(a)(4) is thus appropriate. Service under FSIA § 1608(a)(4) is effected by the Clerk of the Court's sending two copies of Petitioner's papers by any form of mail requiring a signed receipt to the Secretary of State in Washington, D.C. to the attention of Director of Special Consular Services, who shall then transmit one copy of Petitioner's papers through diplomatic channels to Papua New Guinea and send to the Clerk of the Court a certified copy of the diplomatic note

5

indicating when the papers were transmitted.

WHEREFORE, petitioner prays that this Court enter an order pursuant to CPLR 7503 compelling respondent Papua New Guinea to submit to binding arbitration of the dispute between the parties before the AAA or other administering agency that applies New York State law as provided in the Mandate between the parties, together with such other and further relief as may be just and proper.

Dated: New York, New York
      July 5, 2007

26. Respondent was given no notice of this application because Petitioner knows of no way to give such notice.

Respectfully submitted,

MAIDMAN AND MITTELMAN, LLP
Attorneys for Petitioner

By: _____
    Stuart A. Jackson
    70 East 55th Street
    New York, NY 10022
    (212) 755-0500

6

## NOTICE OF SUIT

Michael Z. Matthew, by his attorneys Maidman and Mittelman LLP, hereby submit this Notice of Suit to Defendant the Independent State of Papua New Guinea in accordance with Code of Federal Regulations Title 22 § 93.2.

**1. TITLE OF LEGAL PROCEEDING:**    Michael Z. Matthew v. Papua New Guinea

**FULL NAME OF COURT:**    Supreme Court of the State of New York, New York County

**CASE NUMBER:**    Index No. 107131/06

**2. NAME OF FOREIGN STATE CONCERNED:**    Independent State of Papua New Guinea ("PNG")

**3. IDENTITY OF OTHER PARTIES:**    Michael Z. Matthew, Plaintiff, an American businessman engaged by Papua New Guinea via a Mandate to attract foreign investment.

**4. NATURE OF DOCUMENTS SERVED:**

Order to Show Cause – A legal document summoning PNG to appear before the above-referenced court to argue why an order should not be granted compelling PNG to appear in the pending arbitration between it and Matthew and submit to the jurisdiction of the American Arbitration Association, International Center for Dispute Resolution ("ICDR") over the matter.

Attorney's Affidavit – An affirmation from Matthew's counsel containing information in support of the Order to Show Cause.

**5. NATURE AND PURPOSE OF THE PROCEEDINGS:**

PNG and Matthew are in a pending arbitration involving a dispute between the parties regarding PNG's failure to pay Matthew for services he rendered under a Mandate between the parties. The arbitrator in that proceeding has ruled that the ICDR lacks jurisdiction over the matter due to defective service by Matthew. This Order to Show Cause has been filed in the above-referenced court in order to compel PNG to submit to the jurisdiction of ICDR over the matter which would allow the arbitration to proceed. PNG must appear at the time and date assigned by the Court in order to argue why such an order should not be granted.

**WHY PNG HAS BEEN NAMED AS DEFENDANT:**

PNG has not submitted to the pending arbitration between it and Matthew in the ICDR claiming the forum lacks jurisdiction over the matter. The motion, if granted, would confer jurisdiction over PNG in the matter to the ICDR and allow the arbitration of the dispute between Matthew and PNG under the Mandate between them to proceed.

**RELIEF REQUESTED BY PLAINTIFF:**

An order from the New York State Supreme Court Justice who hears the Order to Show Cause to compel PNG to participate in the pending arbitration in the ICDR between Michael Z. Matthew and PNG. Should the motion be granted, Plaintiff Michael Z. Matthew will continue in its pending arbitration against PNG to recover the $50 million ($50,000,000.00) which Matthew claims is owed by PNG for the services he rendered under the Mandate as stated in Matthew's Notice of Arbitration filed in the ICDR on August 1, 2006.

**PLEASE BE ADVISED:**

- A response to the Order to Show Cause is required to be submitted to the court, not later than 60 days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

- The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

- Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891). (Sec. 1608(a), Foreign Sovereign Immunities Act of 1976, Pub. L. 94–583 (28 U.S.C. 1608(a)); sec. 4, 63 Stat. 111, as amended (22 U.S.C. 2658)) [42 FR 6367, Feb. 2, 1977]. A copy of this Act has been provided with this Notice of Suit.

Dated: New York, NY
　　　　July 5, 2007

<div style="margin-left: 40%;">

MAIDMAN and MITTELMAN LLP
Attorneys for Plaintiff

By:　_____
　　　Stuart A. Jackson
　　　70 East 55th Street
　　　New York, New York 10022
　　　(212) 755-0500

</div>