UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael Z. Matthew

       Petitioner(s),

 -against-

Papua New Guinea

       Respondent(s).

No. 07 Civ. 8705 (LTS)(MHD)

ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

A petition to compel arbitration having been removed to this Court, it is hereby

1.  ORDERED that counsel[1] for Respondent(s) shall serve a copy of this Order on each other party within ten (10) calendar days following the date of this order, and that a copy of this Order shall also be served with any subsequent process that brings in additional parties, and that proof of such service shall be filed with the Court promptly. It is further

2.  ORDERED, that the removing Respondent(s) shall serve on all other parties and file **within ten (10) days following the date of this order** a submission providing the following information:

  a.  A full explanation if all Respondents who had been served at the time of removal did not join in the notice of removal.

  b.  A full explanation if the notice of removal was dated more than thirty (30) days after the first Respondent was served.

  c.  If the action has been removed on grounds of diversity jurisdiction, a statement as to whether any of the Respondents who had been served at the time of removal is a citizen of New York State.

  d.  If the action has been removed on the grounds of diversity jurisdiction, the citizenship of all named Petitioners and all named Respondents (including the citizenship of all members or partners in any non-corporate party), if such states of citizenship were not set forth in the notice of removal.

 If any Petitioner has a response to Respondent's submission such response, if any, shall be

---

[1]  As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding pro se, mean such party.

filed and served within fourteen (14) days of service of the submission. Any motion to remand the action to state court based on procedural defects in the removal must be filed, if at all, within thirty (30) days after removal. See 28 U.S.C. § 1447(c).

3. ORDERED, that in the event Respondent(s) fail(s) to file and serve a timely response to the petition and does not consent affirmatively to grant of the relief sought therein, Petitioner(s) shall promptly serve on Respondent(s) and file with the Court, with a courtesy copy provided to chambers of the undersigned, a written application for the relief sought, which shall include:

    a. An affidavit confirming that the petition was timely filed and served.

    b. The terms of the written agreement to arbitrate; and

    c. Proof of the prior demand to arbitrate in accordance with the agreement.

    Petitioner shall promptly file proof of service of the application.

4. ORDERED that any response(s) to such application shall be served and filed in accordance with Local Civil Rule 6.1(b). It is further

5. ORDERED that, in the event Respondent(s) serves and files opposition to the petition, or Petitioner(s) fails to file and serve the application described above, a conference shall be held in the above-captioned matter on **January 17, 2008 at 2:00 p.m.** in Courtroom No. 17C[2], 500 Pearl Street, New York, New York 10007. It is further

6. ORDERED that counsel for the parties confer preliminarily at least ten (10) days prior to the date set forth in paragraph 5 above to discuss the following matters:

    a. Contested and uncontested legal issues;
    b. Consensual resolution of some or all of the contested issues;
    c. Whether each party consents to resolution of this matter by a magistrate judge;
    d. Any anticipated further submissions and a proposed timetable therefor;
    e. Settlement.

    It is further

7. ORDERED that counsel shall be prepared to discuss the foregoing at the conference, as well as whether mediation may be helpful in resolving this case. It is further

8. ORDERED that counsel attending the conference shall seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used herein, includes the power to enter into stipulations

---

[2] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

and make admissions regarding all matters that the participants may reasonably anticipate discussing at the conference including, but not limited to, the matters enumerated in the preceding paragraphs.

9. In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, denying the petition, and/or the imposition of other appropriate penalties.

10. This case has been designated an electronic case. By the date of the initial conference counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing.

    IT IS SO ORDERED.

Dated: New York, New York
       October 18, 2007

LAURA TAYLOR SWAIN
United States District Judge